Monday, November 8, 2021						Philip D. Stern
									21 Girard Place
									Maplewood, NJ 07040
									(973) 202-7805
									wdtex@philipstern.com

**STATUS REPORT**

Honorable Elizabeth S. Chestney, U.S.M.J.
United States District Court
655 E. Cesar E. Chavez Boulevard
San Antonio, Texas 78206

    RE:    *Rebecca Thomasson v. Philip D. Stern*, Case 5:21-cv-00687

Dear Judge Chestney,

I am admitted to practice in this Court but have just entered my appearance *pro se* because, in this case, I am the Defendant. [Doc. 10.]

This case is settled. I request the Court administratively terminate this action pending the filing of the Stipulation of Dismissal with prejudice.

This case arose from the breakup of Stern Thomasson LLP ("Firm") and was filed in response to a year-old New Jersey case I brought against Andrew T. Thomasson.[1] Mr. Thomasson and I formed the Firm in 2015 and have been its only two partners.

On November 19, 2020, I commenced the New Jersey case. The court immediately appointed a special fiscal agent who it later made the custodial receiver *pendente lite*.

Although Mr. Thomasson's only state admission is in New Jersey, he and the Plaintiff (his wife) reside in San Antonio. Mr. Thomasson signed and filed the Complaint [Doc. 1] representing his wife.

On August 13, 2021, I discovered this case. After I brought this case to the attention of my New Jersey lawyers who then contacted Mr. Thomasson's lawyer, Mr. Thomasson extracted himself from representing his wife in this case. [See Doc. 4.]

On September 2, 2021, the receiver hosted a mediation at his office in Springfield, New Jersey. I and Mr. Thomasson (both with counsel) appeared in-person. Plaintiff Rebecca

---

[1] The case is styled *Stern v. Thomasson et al.*, Docket No. UNN-C-000106-20, and was commenced on November 19, 2020 in the Superior Court of New Jersey, Chancery Division, General Equity Part, Union County.

Thomasson and her counsel, Christopher Saldana, Esq. appeared remotely. By the time we left that evening, we each had a fully executed confidential settlement agreement.

The agreement calls for the dismissal with prejudice of both this and the New Jersey actions upon satisfaction of certain conditions relating only to the New Jersey action. On November 19, 2021, the New Jersey court will hear my motion for an order directing the dismissal of both actions because those conditions are satisfied. I served my motion on Plaintiff's counsel, Amy L. B. Ginsberg, Esq., who is admitted in New Jersey. If that court were to conclude that any of those conditions are not satisfied, I am prepared to satisfy them. Therefore, I anticipate that a Stipulation of Dismissal will be filed in this Court before the end of this year (hopefully, by Thanksgiving).

I recently checked the docket and see that Plaintiff filed an affidavit of service. I dispute the facts asserted in that affidavit and that there was service of process but, in light of the settlement, I filed my Notice of Appearance and this letter to: (*i*) advise the Court of the settlement; and (*ii*) avoid Plaintiff filing for a default judgment without notice to me.

Thank you for Your Honor's consideration in this matter.

Respectfully,

*s/Philip D. Stern*
Philip D. Stern

## CERTIFICATE OF SERVICE

I hereby declare that this Notice of Appearance was served on all counsel of record via ECF at the time of its filing.

*In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

Dated: November 8, 2021

*s/Philip D. Stern*
Philip D. Stern