# PHILIP D. STERN

411 HACKENSACK AVENUE, SUITE 701, HACKENSACK, NJ 07601
(973) 202-7805
PSTERN@PHILIPSTERN.COM

Sunday, January 16, 2022

Honorable Jason Pulliam, U.S.D.J.
UNITED STATES DISTRICT COURT
262 West Nueva Street
San Antonio, TX 78207

    RE:    *Rebecca Thomasson v. Philip D. Stern,* Case No. SA-21-CV-00687-JKP

Dear Judge Pulliam,

    I am the *pro se* Defendant but I am also a New Jersey attorney with plenary admission to this Court.

    I write with respect to the Court's Orders [DE 14 and 17], the latter of which I first saw this morning. As explained below, I will provide a more complete response by January 18, 2022.

    Respectfully, I have not previously responded to the Court's Orders because I was unaware of them. Until January 11, I did not know that I stopped receiving electronic notifications after I had received electronic notification of Judge Chestney's Order [DE 12]. Also, there is a written Settlement Agreement signed by the parties on September 2, 2021 (enclosed). That Agreement settled this case and a New Jersey case involving the breakup of my law firm in which I and Mrs. Thomasson's husband, Andrew T. Thomasson, are the 50/50 partners. The New Jersey case has already been dismissed (enclosed) based on the Agreement although there are pending cross motions involving enforcement.

    As I explain in more detail below, the Court's two orders [DE 14 and 17] were mailed to me and received respectively on January 11 and 15. On January 11, I also receive Plaintiff's Motion [DE 18] via FedEx which, having been filed on January 7, led me

to believe that my response was due by January 21. But, when I opened DE 17 this morning and saw its January 15 deadline, I decided to write to the Court today.

Until January 11, I assumed I was still receiving electronic notifications. I had *electronically* filed my Notice of Appearance [DE 10] and Status Report [DE 11], and I received *electronic* notification of Judge Chestney's subsequent Order [DE 12]. From my receipt of the Order [DE 14] and Plaintiff's Motion [DE 18] on January 11, I realize that electronic notification must have ceased. (I intend to call the Clerk's Office when it reopens on January 18 about this situation.) Thus, I did *not* receive electronic notification of any filings after DE 12 including the Court's Order [DE 14] setting a December 28 deadline and the Court's Order [DE 17] setting a January 15 deadline.

Had I known that I was no longer to receive electronic notification, I may have made alternate mail arrangements. For more than a year (after the Post Office stopped processing Maplewood's mail in Maplewood and consolidated the operations in nearby Union, New Jersey), I have had repeated problems of timely receiving some of my mail together including frequent times when a neighbor drops off misdelivered mail or I have to drop off neighbors' mail misdelivered to me. I can provide examples but, after closing my former law office, the mail was forwarded to my home and Mr. Thomasson frequently complained about the delays (although, embroiled in litigation, he falsely accused me of holding the law firm's mail). (After I received the January 11 mail, I sought and received permission from my employer to use the office address—which is the one in the above letterhead—to avoid repeating this mail delivery problem.)

As mentioned, I received the Order [DE 14] on January 11, 2022 and, on the same day, received Plaintiff's Motion [DE 18] via FedEx. Hence, I anticipated responding by January 21 which would be 14 days after that Motion was filed. This morning I looked at the mail my wife took in from yesterday's late afternoon delivery and saw the Order [DE 17] requiring my response by January 15. That day, being a Saturday and, with Monday being a holiday, I understand that my response is due by Tuesday January 18. Thus, I write now to advise I plan to file a full response by January 18.

I fail to understand Plaintiff's tactics here. On September 2, 2021, all parties signed the enclosed Settlement Agreement. The Agreement settled the instant lawsuit *and* the New Jersey case between me and Mr. Thomasson. Among other provisions pertinent to Mrs. Thomasson and this lawsuit, ¶16 the Agreement provides:

> Rebecca […] releases, discharges and relinquishes [Stern] from any and all claims and causes of action [she] may have or claims to have, known and unknown, against [Stern] including the claims they asserted, or could have asserted, in [*Thomasson v. Stern*, Case No. 5:21-cv-00687]. [* * *] It is the intention of Stern and Rebecca, through this Agreement, and with the advice of counsel, to fully, finally and forever settle all such matters and claims relative thereto, except for the obligations imposed by this Agreement.

Thus, Mrs. Thomasson released her claims in this lawsuit. Like the New Jersey court, this case should be dismissed based on this settlement. Like the post-dismissal proceedings pending in the New Jersey case, Mrs. Thomasson has the option of seeking to enforce *the Agreement*—not the claims asserted in the Complaint—if she believes I am in breach.

I want to briefly address the Complaint and claims that I either evaded or was served with process. Contrary to Plaintiff's claim, I was not served—a staff person at the

office where I am employed is not my authorized agent for service. Furthermore, I deny evading service at my home. I have always been willing to accept service and would promptly consent to waiver of service under Rule 4(d).

I also deny making any defamatory statements. Indeed, I still do not know what it is I allegedly said, when, or to whom because Plaintiff never (a) alleged what I actually said or wrote, (b) specified a time when I am alleged to have made any defamatory statement, (c) provided a copy of the alleged written statement, or (d) supplied the name of anyone to whom I made my alleged statements. Furthermore, I categorically deny the other baseless allegations added to the Complaint which have nothing to do with whether I made any defamatory statements; namely, the Thomassons' allegations about my mental health, drug use, and derelict professional conduct are utterly false and without any factual basis. Rather, Mr. Thomasson drafted and filed the Complaint fabricating a claim and asserted disparaging allegations as leverage for settling the New Jersey partnership dispute knowing that he could hide behind the litigation privilege.

Again, I will file a complete response by January 18.

Thank you for Your Honor's consideration in this matter.

Respectfully,

*s/Philip D. Stern*
Philip D. Stern

Enclosures

*via ECF*
cc:     All counsel of record