# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REBECCA THOMASSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *vs.* | § | Civil Action No. 5:21-cv-00687-JKP-ESC |
| | § | |
| PHILIP D. STERN, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION EXTENSION OF TIME TO FILE REPLY TO DEFENDANT'S OPPOSITION

Plaintiff, Rebecca Thomasson, submits this Reply to the "Response" Defendant, Philip D. Stern, filed this morning [ECF No. 28] to her "UNOPPOSED" Motion for Extension [ECF No. 27] to address Stern's false accusation that Mrs. Thomasson's attorneys lied to the Court.

1.      Stern asserts *under penalty of perjury* that Plaintiff falsely "represent[ed], 'Defendant consents to Plaintiff's requested extension'" because he "was never contacted by anyone soliciting [his] consent to the requested extension." [ECF No. 28, ¶3-4]. He then states:

> I do not appreciate having my consent represented to the Court <u>when</u> <u>I never actually gave my consent and my consent was never sought</u>.

[*Id.* at ¶5]. (Emphasis added). But, on January 24 Stern "actually gave [his] consent"—in writing and under oath—so the Court would forgive and accept his late-filed opposition to Entry of Default Judgment. [ECF No. 26 (pp. 5, ¶1); and No. 26-1, ¶47].[1] He specifically swore:

> *Of course,* <u>I consent</u> to *any additional time* Defendant [sic] may require for any permitted <u>reply</u>." *Id.*

2.      Mrs. Thomasson merely confirmed what Stern *himself* already "represented" *under penalty of perjury* to this Court about his consent—namely, that he "consents to Plaintiff's

---

[1] For convenience, the relevant page of Stern's declaration is attached as ***Exhibit A***.

requested extension." [ECF No. 27, ¶3]. Now Stern says, "I consent" doesn't *really* mean "I consent" because he "never actually gave [his] consent" even though he expressly makes both statements under penalty of perjury pursuant to 28 U.S.C. §1746.

3.       Although he consented to "any additional time" Mrs. Thomasson "may require," she only sought a one-week extension after one of her minor children (now both) was diagnosed late last week with a serious medical condition. That unforeseen event dramatically impacted her availability to provide counsel necessary information and input regarding her Reply papers.

***

4.       This case is about Stern's unrelenting *per se* defamation of Mrs. Thomasson.[2] Since July 2020 he has assassinated her reputation and to cause her as much pain as possible, by knowingly and intentionally communicating false accusations to third parties that she engages in crimes of dishonesty. Stern's latest Response [ECF. No. 27] is more of his ongoing campaign to defame Mrs. Thomasson with one notable exception: he is now making knowingly defamatory accusations about her attorneys—namely, that they lied to this Court and, thus, violated the Rules of Professional conduct and the Local Rules.

5.       Stern's latest false accusations are willful and outrageous. Stern reminds this Court in every filing he is an "attorney at law licensed in the State of New Jersey and the District of Columbia" and is "admitted to the bar of this Court." Thus, Mrs. Thomasson respectfully asks the Court to hold Stern accountable for his abusive conduct as an attorney who is using his law license to make knowingly false and defamatory statements under oath and about her and her

---

[2] Mrs. Thomasson further notes that Stern's Opposition to Default Judgment [ECF No. 26] is largely devoted to peddling lies about her husband which have nothing to do with *this* lawsuit, and which were proven demonstrably false in the New Jersey action over the past year. As much as Stern wishes *this* lawsuit were a proxy fight between him and her husband, it is not; she has no intention of addressing his allegations on reply. This lawsuit is simply about what Stern did to *Mrs*. Thomasson and how she was damaged by his conduct.

attorneys (and for what appears to be, and she will show on reply, is Stern's intentional removal of his email address from this Court's CM/ECF system to avoid service of filings even though the Court's Local Rules and admission requirements command otherwise).

6.     Finally, the Court should not accept Mr. Stern's late-filed opposition to Default Judgment given that his basis for the Court to accept the late filing was predicated on his sworn statement that he "consent[s] to any additional time Defendant [sic] may require for any permitted reply" which his sworn Response today disavows ever making ("I never actually gave my consent.") [ECF No. 28, ¶5 *cf.* ECF No. 26 (pp. 5, ¶1) and No. 26-1, ¶47]. Should the Court reject Stern's opposition, then Mrs. Thomasson's need for an extension is moot.

Respectfully submitted,

*s/ Amy L.B. Ginsburg*
Amy L.B. Ginsburg (SBN 24107506)
GINSBURG LAW GROUP, P.C.
196 West Ashland Street
Doylestown, PA 18901
Telephone: (855) 978-6564
Facsimile: (855) 777-0403
E-Mail: ginsburglawgroup@gmail.com

Dated: February 1, 2022

Christopher C. Saldaña (*Pro Hac Vice*)
SHEWRY & SALDAÑA LLP
402 West Broadway, Suite 950
San Diego, California 92101
Telephone: (619) 233-8824
Facsimile: (619) 233-1002
E-Mail: chris@shewrysaldanalaw.com

**ATTORNEYS FOR REBECCA THOMASSON**

**CERTIFICATE OF SERVICE**

I, Amy L.B. Ginsburg, hereby certify that on February 1, 2022, I served a copy of the foregoing on the Defendant, Philip D. Stern, via U.S. Mail and by filing it with the Court's CM/ECF System.

*s/ Amy L.B. Ginsburg*
AMY L.B. GINSBURG