**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

FILED

MAR 1 5 2022

CLERK U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
　　　　　DEPUTY

| | |
|---|---|
| REBECCA THOMASSON,<br>Plaintiff,<br><br>v.<br><br>PHILIP D. STERN,<br>Defendant.<br><br>　　　　-and-<br><br>PHILIP D. STERN,<br>Third-Party Plaintiff,<br><br>v.<br><br>ANDREW T. THOMASSON,<br>Third-Party Defendant. | Case SA-21-cv-00687-JKP-ESC |

**THIRD PARTY COMPLAINT AND JURY DEMAND**
WITH CERTIFICATION OF SERVICE

## THIRD PARTY COMPLAINT FOR DEFENSE AND INDEMNIFICATION

Third-Party Plaintiff, Philip D. Stern ("Stern"), by way of this Third-Party Complaint against Third-Party Defendant, Andrew T. Thomasson ("Thomasson"), says:

　　1.　　Thomasson resides at 20 Champion Trail, San Antonio, TX 20 Champion Trail, San Antonio, TX 78258.

　　2.　　Thomasson and Plaintiff are married to each other.

3. Thomasson and Stern each own half of the partnership interest in Stern Thomasson LLP ("Firm"), a New Jersey limited liability partnership formed by them to engage in the practice of law.

4. On November 19, 2020, Stern commenced an action ("NJ Action") Thomasson in the Superior Court of New Jersey titled *Stern v. Thomasson*, and desginated in that court by Docket No. UNN-C-106-20.

5. On July 20, 2021, Thomasson signed and filed the Complaint [Doc. 1] as attorney for Plaintiff thereby commencing the instant action ("District Court Action").

6. In August 2021, Thomasson withdrew as counsel for Plaintiff.

7. On September 2, 2021, Stern, Thomasson, Plaintiff, and the Firm signed a written agreement ("Settlement Agreement") resolving the NJ Action and this District Court Action.

8. A true copy of the written agreement ("Settlement Agreement") is annexed as Exhibit 1.

9. On November 10, 2021, Plaintiff advised this Court that "this case is *not* settled." [Doc. 13.]

10. Plaintiff refuses to dismiss this District Court Action.

11. The Settlement Agreement includes Thomasson's agreement to indemnify and defend Stern from certain liabilities.

12. Paragraph 3 of the Settlement Agreement states:

> Thomasson and the Firm shall assume all liabilities Stern may have arising solely from his status and actions as a partner of the Firm prior to [January 22, 2021]. Such liabilities include but are not limited to any claims arising from the management or operations of the Firm, from

personally guaranteeing any Firm liability, and from the Firm's provision of legal services. The Firm shall maintain professional liability insurance with at least the same coverage as the Firm's current policy which shall cover Stern for acts prior to the Separation Date. If the Firm transfers any assets to Thomasson PLLC, Stern may satisfy any judgment he obtains against the Firm for indemnity that is not otherwise satisfied, from the assets of Thomasson PLLC to the extent that the Firm has transferred assets to Thomasson PLLC without receiving adequate consideration in return. Notwithstanding the foregoing, such liabilities shall not include (a) grievances against Stern for ethical violations, (b) payment of punitive damages, (c) claims by the Kim Law Firm LLC or Yongmoon Kim (collectively "Kim"), (d) claims by Stern's relatives, either through blood or marriage against Stern, and (e) any obligations under the terms of this Agreement. Thomasson shall indemnify Stern for the liabilities as set forth in this Paragraph and defend any such claims that could give rise to these liabilities. Thomasson shall control the defense and settlement of these claims, and Stern shall cooperate in good faith in their defense. Thomasson has sole discretion and control to decide whether, when, and how to settle any claims against Stern for which Thomasson is obligated under the Agreement to indemnify Stern, provided however that no settlement shall admit Stern's liability or wrongdoing.

13. Plaintiff's Complaint asserts liabilities Stern may have arising solely from his status and actions as a partner of Stern Thomasson LLP which arose prior to January 22, 2021.

14. Thomasson, despite knowing of the claims asserted in the Complaint, has not defended Stern in accordance with ¶3 of the Settlement Agreement.

WHEREFORE, Third Party Plaintiff Philip D. Stern demands judgment against Third Party Defendant Andrew T. Thomasson including a declaration of indemnification, an injunction compelling Thomasson to pay for Stern's defense, for damages, costs, prejudgment interest, and such other relief as this Court deems just and equitable.

## JURY DEMAND

Defendant and Third Party Plaintiff Philip D. Stern demands trial by jury on all issues so triable.

Dated: March 15, 2022

_____
Philip D. Stern

## CERTIFICATE OF SERVICE

I, Philip D. Stern, hereby certify that, on March 15, 2021, I served a copy of this Third Party Complaint on Plaintiff's attorneys via email, specifically:

Amy Lynn Bennecoff Ginsburg, Esq. ginsburglawgroup@gmail.com

Christopher Saldaña, Esq. chris@shewrysaldanalaw.com

Dated: March 15, 2022

_____
Philip D. Stern