UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| REBECCA THOMASSON,<br>Plaintiff,<br><br>v.<br><br>PHILIP D. STERN,<br>Defendant.<br><br>           -and-<br><br>PHILIP D. STERN,<br>Third-Party Plaintiff,<br><br>v.<br><br>ANDREW T. THOMASSON,<br>Third-Party Defendant. | Case SA-21-cv-00687-JKP |

**FIRST AMENDED ANSWER,[1] COUNTERCLAIM, AND JURY DEMAND**
WITH CERTIFICATION OF SERVICE

Defendant, Philip D. Stern, by way of his amended response to Plaintiff's Complaint [Doc. 1], says:

1. In response to ¶1 of the Complaint: Mr. Stern admits Plaintiff is a natural person; on information and belief, Mr. Stern understands that Plaintiff resides at 20 Champion Trail in San Antonio; and, based on that understanding, presumes Plaintiff's

---

[1] This Amended Answer is filed as of right pursuant to FED. R. CIV. P. 15(a)(1)(A) within 21 days after the filing of the Answer [Doc. 36].

citizenship is in Texas but lacks information to form a belief as to whether Plaintiff is, in fact, a Texas citizen.

2. In response to ¶2, denied except to the extent Mr. Stern admits he is a natural person and a citizen of the State of New Jersey.

3. In response to ¶3, Mr. Stern admits that Plaintiff claims jurisdiction arises under 28 U.S.C. § 1332(a).

4. In response to ¶4, regarding the allegation as to Plaintiff being a Texas citizen, Mr. Stern incorporates by reference ¶1, above; admits that Mr. Stern is a New Jersey resident and denies that the matter in controversy exceeds $75,000.

5. In response to ¶5, Mr. Stern admits that Plaintiff asks for more than $1 million in damages but denies that Plaintiff suffered any damages as a result of Mr. Stern's conduct.

6. In response to ¶6, Mr. Stern denies the factual allegations but consents to the Court's personal jurisdiction.

7. In response to ¶7, Mr. Stern denies the allegation that "a substantial part of the events giving rise to Plaintiff's claims occurred within" the Western District of Texas, San Antonio Division, and denies the allegation that he "regularly transacts business within this federal judicial district."

8. In response to ¶8, Mr. Stern admits, based on information and belief, that Plaintiff resided at 20 Champion Trail, San Antonio, Texas and, with respect to Plaintiff's allegations regarding her citizenship, incorporates by reference ¶1, above.

9. In response to ¶9, admitted.

10. In response to ¶10, based on information and belief, admitted.

11. In response to ¶11, Mr. Stern denies the allegations due to lack of information to form a belief as to whether the allegations is true or false.

12. In response to ¶12, denied. Prior to the time Plaintiff filed her Complaint and continuing through the filing this Answer, Andrew T. Thomasson ("Thomasson"), Plaintiff's husband, continue to be the two equal partners in a New Jersey limited liability partnership known as "STLLP, LLP" renamed in or about December 2021 from "ThomassonLLP, LLP" [sic] renamed in or about September 2021 from "Stern Thomasson LLP".

13. In response to ¶13, denied.

14. In response to ¶14, denied.

15. In response to ¶15, Mr. Stern admits that Thomasson, through his sole practice, Thomasson Law LLC, was Mr. Stern's attorney to represent his interest with respect to Mr. Stern's claims against a health care practice (and others), Except as admitted, denied.

16. In response to ¶16, admitted.

17. In response to ¶17, Mr. Stern admits that, prior to July 1, 2015, Mr. Stern and Thomasson agreed to merge their then-existing sole practices into a New Jersey limited liability partnership formed as Stern Thomasson LLP. Except as admitted, denied.

18. In response to ¶18, denied.

19. In response to ¶19, denied.

20. In response to ¶20, denied.

21. In response to ¶21, denied.

22. In response to ¶22, denied.

23. In response to ¶23, denied.

24. In response to ¶24, denied.

25. In response to ¶25, denied.

26. In response to ¶26, denied.

27. In response to ¶27, denied.

28. In response to ¶28, denied.

29. In response to ¶29, denied.

30. In response to ¶30, denied.

31. In response to ¶31, denied.

32. In response to ¶32, denied.

33. In response to ¶33, denied.

34. In response to ¶34, denied.

35. In response to ¶35, denied.

36. In response to ¶36, denied.

37. In response to ¶37, denied to the extent the paragraph alleges facts.

38. In response to ¶38, denied to the extent the paragraph alleges facts.

39. In response to ¶39, denied.

40. In response to ¶40, denied to the extent the paragraph alleges facts.

41. In response to ¶41, Defendant admits receipt of a letter, a copy of which appears as Doc. 1-1 which speaks for itself and, therefore, the allegations are denied to the extent they vary from the content of the letter.

42. In response to ¶42, denied.

43. In response to ¶43, denied.

44. In response to ¶44, denied.

45. In response to ¶45, denied.

46. In response to ¶46, denied.

47. In response to ¶47, Mr. Stern admits that Plaintiff brings this lawsuit for herself and not in a representative capacity.

48. In response to ¶48, denied.

49. In response to ¶49, denied.

50. In response to ¶50, denied.

51. In response to ¶51, denied.

52. In response to ¶52, denied.

53. In response to ¶53, denied.

54. In response to ¶54, Defendant admits that Plaintiff demands a trial by jury.

55. In response to ¶55, Defendant admits that Plaintiff prays for the relief set forth in this paragraph.

## AFFIRMATIVE DEFENSES

1. The Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000.

2. The statements actually made by Defendant are true and were true when made.

3. Plaintiff released her claims.

4. Plaintiff has failed to state a claim upon which relief can be granted.

5. Plaintiff has failed to mitigate her damages.

6. If any statements actually made by Defendant were made while believing them to be true, were made in good faith, and made for a legitimate purpose.

7. Defendant had absolute and/or qualified immunities for the statements he actually made including, but not limited to, his reasonable belief in the truth of his statements, making the statements in connection with a legitimate and protected purpose.

8. The statements Defendant actually made are protected speech under the First Amendment.

9. Stern never uttered a false statement about Plaintiff.

10. Plaintiff has failed to mitigate damages.

11. Plaintiff's claims are barred by the applicable statute of limitations.

12. Plaintiff's damages were caused by the conduct of third parties over whom Defendant has no control.

13. The determination of the amount of any damages are subject to mitigating factors.

## COUNTERCLAIM

Defendant Philip D. Stern by way of Counterclaim against Plaintiff Rebecca Thomasson says:

1. Mr. Stern sues Plaintiff for breach of contract. Among other things, the contract—memorialized as a written and signed Settlement Agreement--includes Plaintiff's release, discharge, and relinquishment of her claims ("Plaintiff's Claims") asserted in this action ("District Court Action").

2. On July 20, 2021, Plaintiff commenced this action ("District Court Action") when her husband, Andrew T. Thomasson, Esq., ("Thomasson") filed the Complaint as her attorney.

3. The Complaint asserts claims ("Plaintiff's Claims") against Mr. Stern.

4. When Thomasson filed Plaintiff's Complaint, Thomasson and Mr. Stern were:

    a. the two equal partners in Stern Thomasson LLP ("Firm"), a New Jersey law firm, and

    b. the opposing litigants in a pending civil action ("NJ Action") over the Firm begun by Defendant on November 19, 2020 in the Chancery Division of the Superior Court of New Jersey titled *Stern v. Thomasson, et al.* and designated in that court by Docket No. UNN-C-106-20.

5. Prior to September 2, 2021, the Court in the NJ Action appointed a receiver for the Firm and that receiver invited Plaintiff and her counsel (Christopher Saldaña, Esq.), Thomasson and his counsel in the NJ Action, and Defendant and his counsel in the NJ Action to the receiver's office in Springfield, New Jersey on September 2, 2021 for the purpose of mediating a resolution of the NJ Action and this District Court Action.

6. All invitees to the mediation attended either in person or remotely.

7. During the evening of September 2, 2021, Plaintiff, Defendant, Thomasson, and the Firm left the receiver's office with a signed a written contract ("Settlement Agreement").

8. A true copy of the Settlement Agreement is attached as Exhibit 1.

9. A recital in the Settlement Agreement defines the term "District Court Action" as this District Court Action.

10. In Paragraph 16 of the Settlement Agreement, Plaintiff and Defendant memorialized their intent, as follows:

> It is the intention of Stern and Rebecca, through this Agreement, and with the advice of counsel, to fully, finally and forever settle all such matters and claims

> relative thereto, except for the obligations imposed by this Agreement.

11. Among other things, Paragraph 16 of the Settlement Agreement provides that Plaintiff and Defendant each:

> releases, discharges, and relinquishes the other from any and all claims and causes of action each may have to claims to have, known of unknown, against the other including the claims they asserted, or could have asserted, in the District Court Action.

12. Paragraph 19 of the Settlement Agreement states:

> The Parties fully understand and agree that this Agreement constitutes a settlement of all disputed claims the Parties asserted, or could have asserted, in the Action and all matters relating to the Firm and that they execute this Agreement solely in order to avoid litigation and its attendant expenses, and that nothing herein shall be construed as an admission of liability or wrongdoing by any of the Parties, which such liability and wrongdoing is expressly denied. **Rebecca and Stern have a similar understanding but only with respect to the claims asserted in the District Court Action.**

[Emphasis added.]

13. Paragraph 23 of the Settlement Agreement provides, in part:

> This Agreement shall be governed by and construed under the laws of the State of New Jersey.

14. In breach of the Settlement Agreement, Plaintiff falsely represented to this Court on November 10, 2021 that "this case is *not* settled." [Doc. 13.]

15. In breach of the Settlement Agreement, Plaintiff filed a motion on December 31, 2021 to have default entered against Defendant. [Doc. 15.]

16. In breach of the Settlement Agreement, Plaintiff filed an ex-parte application on or about January 1, 2022 for an extension of time to file a motion the entry of default judgment. [Doc. 16.]

17. In breach of the Settlement Agreement, Plaintiff filed a motion on January 7, 2022 to have default judgment entered against Defendant. [Doc. 18.]

18. In breach of the Settlement Agreement, Plaintiff continues to pursue Plaintiff's Claims as if the Settlement Agreement does not exist.

19. In breach of the Settlement Agreement, Plaintiff has failed and refused to dismiss this action.

20. As a direct, proximate, foreseeable, and legal cause of Plaintiff's breach, Defendant has and will continue to suffer damages.

WHEREFORE, Defendant Philip D. Stern demands judgment against Plaintiff Rebecca Adams Thomasson's damages, costs, declaratory relief, pre-judgment interest, and such other relief as this Court deems just and equitable.

## JURY DEMAND

Defendant Philip D. Stern demands trial by jury on all issues so triable.

Dated: March 21, 2022

s/Philip D. Stern
Philip D. Stern

## CERTIFICATE OF SERVICE

I, Philip D. Stern, hereby certify that, on the date set forth brlow, I electronically filed this document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record through CM/ECF.

Dated: March 21, 2022

*s/Philip D. Stern*
Philip D. Stern