UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

REBECCA THOMASSON,

   *Plaintiff*,

v.                                          Case No.  **SA-21-CV-00687-JKP**

PHILIP D. STERN,

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Philip D. Stern's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. *ECF No. 43*. This Motion is ripe for ruling. After due consideration of the Motion, briefing, record, and applicable law, the Court **GRANTS IN PART** the Motion as it pertains to Plaintiff Rebecca Thomasson's Complaint (*ECF No. 1*) and **DENIES IN PART** the Motion as it pertains to Mr. Stern's Counterclaim. As such, the Court **DISMISSES WITH PREJUDICE** all claims in Mrs. Thomasson's Complaint.

The Court further directs the parties, by **July 18, 2022**, to **SHOW CAUSE** why this Court is the appropriate forum for their remaining claims, given those claims all relate to alleged breaches of the settlement agreement, which is governed by New Jersey law, subject to jurisdiction of New Jersey state courts, and the subject of litigation in New Jersey state court.

### Factual and Procedural Background

Mr. Stern is a former law partner of Mrs. Thomasson's husband, Andrew T. Thomasson.[1] Mrs. Thomasson filed her Complaint on July 20, 2021, alleging Mr. Stern engaged in a

---

[1] Mr. Thomasson is now a third-party defendant and counterclaimant in this action. *ECF No. 37, 47*.

deliberate campaign to defame her after Mr. Thomasson took steps to separate his New Jersey-based law practice from Mr. Stern. Specifically, Mrs. Thomasson alleged Mr. Stern told family, friends, neighbors, and colleagues she used the firm's credit card and banking accounts without permission to lavish herself with expensive gifts, shopping trips, and vacations. She further alleged Mr. Stern said she was financially irresponsible, unethical, and morally bankrupt. Mrs. Thomasson alleged she suffered reputational harm, mental anguish, and emotional distress as a result of Mr. Stern's allegedly defamatory statements and sought relief in the form of actual, compensatory, and punitive damages. She also requested Mr. Stern correct, clarify, and retract his allegedly defamatory statements. Mrs. Thomasson, who lives in San Antonio, brought suit in the Western District of Texas based on diversity jurisdiction and because a substantial part of the alleged events giving rise to the action occurred in this District.

On November 8, 2021, Mr. Stern notified the Court of the parties' settlement and requested the Court administratively stay proceedings pending the parties' filing of a stipulation of dismissal. *ECF No. 11*. On November 10, 2021, Mrs. Thomasson filed an advisory to the Court arguing the parties' settlement agreement was unenforceable because Mr. Stern breached it. *ECF No. 13*. Mrs. Thomasson further indicated her intent to file a motion for entry of default because Mr. Stern had not filed a response to her Complaint. On December 14, 2021, the Court ordered Mr. Stern to file an answer or appropriate motion within 14 days and, in the absence of any such filing, ordered Mrs. Thomasson to file for entry of default and default judgment. *ECF No. 13*. Mr. Stern did not respond, and Mrs. Thomasson filed a Motion for Entry of Default on December 30, 2021, and Motion for Default Judgment on January 7, 2022. Mr. Stern then requested additional time to respond, which the Court granted. The Court held a status conference on February 14, 2022, after which it mooted Mrs. Thomasson's motions for entry of

default and default judgment, issued a trial scheduling order, and reset the deadline for Mr. Stern's responsive pleading to March 1, 2022.  *ECF No. 33, 34*. Mr. Stern subsequently filed an Answer, brought a Third-Party Complaint against Mr. Thomasson alleging Mr. Thomasson's liability to indemnify Mr. Stern under the settlement agreement, and filed an Amended Answer and Counterclaim against Mrs. Thomasson for breach of the settlement agreement. *ECF No. 36, 37, 38*. Mrs. Thomasson filed an Answer to Mr. Stern's Counterclaim. *ECF No. 41*. Mr. Thomasson filed an Answer and Counterclaim to Mr. Stern's Third-Party Complaint. *ECF No. 47*.

On May 5, 2022, Mr. Stern filed a Motion to Enforce the parties' settlement agreement. *EFC No. 42*. The Court entered a text order dismissing Mr. Stern's Motion without prejudice, noting the matter was better suited for a Motion for Summary Judgment. Mr. Stern filed a Motion for Summary Judgment on May 10, 2022, alleging Mrs. Thomasson's Complaint should be dismissed with prejudice as a matter of law, pursuant to the parties' settlement agreement. *ECF No. 43*. Mr. Stern further sought summary judgment on his Counterclaim, alleging Mrs. Thomasson breached the settlement agreement by failing to dismiss this action. That Motion is the subject of this Opinion and Order.

**Legal Standard**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[2] A dispute is "genuine"

---

[2]Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

where there is sufficient evidence such that a reasonable jury could return a verdict for the nonmoving party. *Id*. There is no genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). While all evidence and reasonable inferences are viewed in the light most favorable to the nonmovant, and all disputed facts are resolved in favor of the nonmovant, the judge's function "is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson*, 477 U.S. at 249); *see also Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp.*, 477 U.S. at 323. The moving party has the burden to "demonstrate the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law" to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982). To do so, the moving party must identify the portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Union Planters Nat'l Leasing*, 687 F.2d at 121. To meet its initial burden, the moving party must either: (1) present evidence that negates the existence of some material element of the nonmoving party's claim; or (2) point out the nonmoving party lacks sufficient evidence to prove an essential element of its claim. *Celotex Corp.*, 477 U.S. at 331; *McKee v. CBF Corp.*, 299 F. App'x 426, 428 (5th Cir. 2008).

"When a party moves for summary judgment on claims on which the opposing parties will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovants' claims." *Armas v. St. Augustine Old Roman Catholic Church*, No. 3:17-CV-2383-D, 2019 WL 2929616, at *2 (N.D. Tex. July 8, 2019) (citing *Celotex Corp.*, 477 U.S. at 325); *see also Austin v. Kroger Texas, L.P.*, 864 F. 3d 326, 335 (5th Cir. 2017)). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by alleging the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

If the movant carries that initial burden, the burden shifts to the nonmovant to identify specific facts or present competent summary judgment evidence showing the existence of a genuine fact dispute. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586–87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234 (citation omitted). Furthermore, the courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *see also Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

If the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he "must establish 'beyond peradventure all of the essential elements of the claim or defense'" to warrant judgment in his favor. *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F.Supp. 943, 962 (N.D.Tex.1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.1986)). The court has noted that the "beyond peradventure" standard is "heavy." *See, e.g., Cont'l Cas. Co. v. St. Paul Fire & Marine*

*Ins. Co.*, 2007 WL 2403656, at *10 (N.D.Tex. Aug. 23, 2007) (Fitzwater, J.). Here again, when considering a motion for summary judgment, courts view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted).

## Discussion

In his Motion for Summary Judgment, Mr. Stern argued the Court should dismiss Mrs. Thomasson's Complaint because she signed a settlement agreement saying she would dismiss the case. He further argued the Court should grant summary judgment on his Counterclaim because Mrs. Thomasson breached the parties' settlement agreement through her continued pursuit of this lawsuit. In response, Mrs. Thomasson claimed the settlement agreement was unenforceable because she rescinded it due to Mr. Stern's material breach.

## 1. Mrs. Thomasson's Complaint

The parties agree they signed a settlement agreement on September 2, 2021, releasing each other from "any and all claims and causes of action each may have or claims to have, known and unknown, against the other including the claims they asserted, or could have asserted, in the District Court Action." *ECF No. 38-1 p.11, para. 16*. The "District Court Action" refers to this action. *ECF No. 38-1 p.1*. The Fifth Circuit has found "a district court has inherent power to recognize, encourage, and when necessary, enforce settlement agreements reached by the parties." *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994). "Federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced." *CIA Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967).

The parties agree New Jersey law governs their settlement agreement, so the Court applies New Jersey law in its analysis. Under New Jersey law, a settlement agreement between parties to a lawsuit is a contract. *Pascarella v. Bruck*, 190 N.J.Super. 118, 124, 462 A.2d 186 (App.Div.), *certif. denied*, 94 N.J. 600, 468 A.2d 233 (1983). "Settlement of litigation ranks high in [New Jersey's] public policy." *Jannarone v. W.T. Co.*, 65 N.J.Super. 472, 168 A.2d 72 (App.Div.), *certif. denied*, 35 N.J. 61, 171 A.2d 147 (1961). Consequently, New Jersey courts have refused to vacate final settlements absent compelling circumstances. In general, settlement agreements will be honored "absent a demonstration of 'fraud or other compelling circumstances.'" *Pascarella*, 190 N.J.Super. at 125, 462 A.2d 186 (*quoting Honeywell v. Bubb*, 130 N.J.Super. 130, 325 A.2d 832 (App.Div.1974)). Before vacating a settlement agreement, New Jersey courts require "clear and convincing proof" that the agreement should be vacated. *DeCaro v. DeCaro*, 13 N.J. 36, 97 A.2d 658 (1953). Public policy and legal precedent militate in favor of the Court enforcing the parties' settlement agreement.

According to Mrs. Thomasson, the Court cannot enforce the settlement agreement because she rescinded it due to Mr. Stern's alleged material breach. Under New Jersey law, a party cannot rescind settlement and proceed with the underlying litigation absent an express provision in the settlement agreement reserving the remedy of rescission. *Kaur v. Assured Lending Corp.*, 405 N.J. Super. 468, 965 A.2d 203 (App. Div. 2009). Rescission "should not be left to a vague suggestion but must be clearly set forth in the agreement. Such a remedy is extraordinary and must be dealt with as such." *Id*. at 477. The parties' settlement agreement in this case does not contain any language allowing a party to rescind it. The only remedy contemplated by the parties appears in paragraph 23, which provides the parties may sue to enforce their rights under the settlement agreement. *ECF No. 38-1, p. 13*. For this reason, the

7

Court need not reach the question of whether Mr. Stern breached the agreement. Under the terms of the parties' settlement agreement, in the event of Mr. Stern's breach, the only recourse available to Mrs. Thomasson is suing to enforce her rights under the agreement. *ECF No. 38-1, p. 13*. Mrs. Thomasson is not entitled to rescind the agreement as a matter of law. Therefore, the Court must enforce the parties' unambiguous agreement[3] and dismiss Mrs. Thomasson's Complaint.

## 2.  Mr. Stern's Counterclaim

In his Motion, Mr. Stern argued the Court should grant summary judgment in favor of his breach-of-contract Counterclaim because Mrs. Thomasson breached the settlement agreement when she continued to pursue this litigation after she signed the settlement agreement. In response, Mrs. Thomasson claimed she was relieved of her obligation to perform under the contract because of Mr. Stern's alleged material breach. Because Mr. Stern is the plaintiff on this Counterclaim, he must establish "beyond peradventure" all of the essential elements of his claim to warrant judgment in his favor. Furthermore, all facts and reasonable inferences are drawn from the record in the light most favorable to the party opposing the Motion, Mrs. Thomasson.

To establish a breach of contract under New Jersey law, "a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform [her] obligations under the contract and that the plaintiff sustained damages as a result." *Murphy v. Implicito*, 392 N.J. Super. 245, 920 A.2d 678 (App. Div. 2007*)*. As noted above, the parties agree that a valid contract existed between them. They disagree as to whether Mrs. Thomasson

---

[3] In her response, Mrs. Thomasson argued her agreement to dismiss this action was conditioned upon Mr. Stern's completion of his obligations under the settlement agreement. Conditions precedent are not favored and New Jersey courts are not inclined to construe a contractual provision as a condition precedent unless such construction is plainly and unambiguously required by the language of the contract. *Marsa v. Metrobank for Sav., F.S.B.,* 825 F. Supp. 658, 664 (D.N.J. 1993), *judgment aff'd*, 26 F.3d 122 (3d Cir. 1994). The release clause of the parties' settlement agreement contains no words of condition. Therefore, Mrs. Thomasson's promise to dismiss this case was unconditional.

breached the contract. Though Mrs. Thomasson admits she did not dismiss this lawsuit as the settlement agreement prescribes, she asserts the affirmative defense that Mr. Stern's material breach relieved her of her obligation to perform under the contract. In a bilateral or performance-for-performance contract, an uncured material breach by one party relieves the other party of the obligation to perform any remaining duties. Restatement (Second) of Contracts §237. A material breach is one that "goes to the essence of a contract." *Goldman South Brunswick Partners v. Stern*, 265 N.J. Super. 489, 494, 627 A.2d 1160 (App. Div. 1993). In support of her affirmative defense, Mrs. Thomasson presented evidence of Mr. Stern's alleged breach. Mr. Stern responded with evidence of his alleged compliance. The record evidence is insufficient to establish whether Mr. Stern committed a material failure of performance sufficient to relieve Mrs. Thomasson of her obligation to perform under the contract. Therefore, whether Mrs. Thomasson breached the contract is a question of fact for the jury and the Court denies summary judgment on Mr. Stern's Counterclaim.

The remaining claims in this case all relate to alleged breaches of the parties' settlement agreement. By the terms of their agreement, the parties agreed New Jersey law governs and submitted "to the jurisdiction of the New Jersey state courts sitting in Union County for the purposes of enforcing and/or adjudicating any dispute" under the agreement. *ECF No. 38-1, p. 13*. Indeed, the record shows the parties are currently engaged in litigation in New Jersey state courts. For these reasons, the Court directs the parties to show cause why this Court is the appropriate forum for their remaining claims.

**Conclusion**

For the reasons stated, Mr. Stern has demonstrated the absence of a genuine dispute of material fact and the appropriateness of judgment as a matter of law as to Mrs. Thomasson's

Complaint. Mr. Stern has not, however, met his burden to demonstrate the absence of a triable dispute of material fact on his breach of contract claim. Therefore, the Motion for Summary Judgment is **GRANTED IN PART** as to Mrs. Thomasson's Complaint and **DENIED IN PART** as to Mr. Stern's Counterclaim. The claims in Mrs. Thomasson's Complaint are **DISMISSED WITH PREJUDICE** to refiling. The Court further directs the parties to **SHOW CAUSE** why this Court is the appropriate forum for such their remaining claims by **July 18, 2022.**

It is so ORDERED.
SIGNED this 11th day of July, 2022.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE