UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**REBECCA THOMASSON,**

   *Plaintiff*,

v.                                                          Case No.  SA-21-CV-00687-JKP

**PHILIP D. STERN,**

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court are briefings from Plaintiff Rebecca Thomasson and Defendant Philip D. Stern regarding whether this Court is the appropriate forum for their remaining claims. *ECF Nos. 54, 55*. The Court issued a Memorandum Opinion and Order on July 11, 2022 in which it dismissed with prejudice all claims in Mrs. Thomasson's complaint. *ECF No. 52*. The Court then ordered the parties to show cause why this Court is the appropriate forum for their remaining claims, given those claims all relate to the parties' settlement agreement, which is governed by New Jersey law, subject to jurisdiction of New Jersey state courts, and the subject of litigation in New Jersey state court. The remaining claims in question include:

    (1) Mr. Stern's Counterclaim against Mrs. Thomasson;

    (2) Mr. Stern's Third-Party Complaint against Mrs. Thomasson's husband, Andrew Thomasson; and

    (3) Mr. Thomasson's Counterclaim against Mr. Stern.

After due consideration of the briefing, record, and applicable law, the Court **DISMISSES WITHOUT PREJUDICE** all remaining claims in this matter. Therefore, the Clerk of Court is directed to **CLOSE THIS CASE**. Final Judgment will be entered by separate order.

## BACKGROUND

Mr. Stern and Mr. Thomasson are former law partners; Mr. and Mrs. Thomasson are married. Mrs. Thomasson filed this diversity action, alleging Mr. Stern engaged in a deliberate campaign to defame her after her husband took steps to separate his New Jersey practice from Mr. Stern. Meanwhile, Mr. Thomasson and Mr. Stern were also engaged in litigation in New Jersey regarding their former law practice. Six months later, the parties all signed a settlement agreement releasing each other from liability in all causes of action, including this action. Accordingly, Mr. Stern notified the Court of the parties' settlement and intent to file dismissal paperwork. Mrs. Thomasson then filed an advisory to the Court arguing the parties' settlement agreement was unenforceable because Mr. Stern breached it. With this litigation ongoing, Mr. Stern brought a Third-Party Complaint against Mr. Thomasson, alleging Mr. Thomasson's liability to indemnify Mr. Stern under the settlement agreement. Mr. Stern also filed a Counterclaim against Mrs. Thomasson for breach of the settlement agreement. Mr. Thomasson then filed a Counterclaim to Mr. Stern's Third-Party Complaint, alleging Mr. Stern breached the settlement agreement. Mr. Stern next filed a Motion for Summary Judgment, alleging Mrs. Thomasson's Complaint should be dismissed with prejudice as a matter of law, pursuant to the parties' settlement agreement. Finally, Mr. Thomasson notified the Court that he had entered bankruptcy proceedings.

On July 11, 2022, the Court granted in part Mr. Stern's Motion for Summary Judgment, dismissing Mrs. Thomasson's defamation-related claims, pursuant to the parties' settlement agreement. The Court then directed the parties to provide briefing on why this Court is the appropriate forum for their remaining claims, which all relate to enforcement of the parties' settlement agreement. Mr. Stern and Mrs. Thomasson filed briefings in response. For the reasons discussed herein, the Court agrees with Mr. Stern's contention that the parties' remaining claims should be dismissed without prejudice.

## DISCUSSION

### I.     Mr. Stern's Counterclaim Against Mrs. Thomasson

Mr. Stern brought a breach of contract action against Mrs. Thomasson, alleging her continued pursuit of this lawsuit is a breach of the parties' settlement agreement. In his most recent briefing, Mr. Stern asks the Court to dismiss his counterclaim without prejudice to refiling pursuant to Federal Rule of Civil Procedure 41(a)(2). Under Federal Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers appropriate." In the Fifth Circuit, courts considering a Federal Rule 41(a)(2) motion "first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion." *Elbaor v. Tripath Imagining, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). The Court finds no reason why Mrs. Thomasson would be prejudiced by dismissal of Mr. Stern's breach of contract claim against her, nor does the Court find any evidence of abuse by Mr. Stern. Therefore, the Court grants dismissal of Mr. Stern's counterclaim against Mrs. Thomasson without prejudice.

## II.     Mr. Stern's Third-Party Complaint Against Mr. Thomasson

Mr. Stern brought a third-party complaint against Mr. Thomasson, alleging Mr. Thomasson is liable under the parties' settlement agreement to indemnify and defend Mr. Stern against all claims, including Mrs. Thomasson's defamation-related claims. In her briefing, Mrs. Thomasson argues that because Mr. Thomasson's notice of bankruptcy automatically stays all claims against him, the Court's dismissal of Mr. Stern's third-party complaint is improper. Whether Mrs. Thomasson properly raises this issue on behalf of her husband is unclear. Regardless, her argument is not convincing. Mrs. Thomasson is correct that claims against Mr. Thomasson cannot *proceed* while he is in bankruptcy proceedings; however, nothing in the bankruptcy code prevents a party from *dismissing* claims against a defendant engaged in bankruptcy proceedings. *See* 11 U.S.C. § 362. Therefore, this Court is not barred from dismissing Mr. Stern's claim against Mr. Thomasson.

Mr. Stern asks the Court to dismiss his third-party complaint because the forum selection clause in the parties' settlement agreement requires disputes between them to be litigated in New Jersey state court. Applying the Federal Rule 41(a)(2) analysis articulated above, the Court finds no reason why Mr. Thomasson would be prejudiced by the dismissal of Mr. Stern's third-party complaint against him, nor does the Court find any evidence of abuse on the part of Mr. Stern. Federal Rule 41(a)(2) contemplates a scenario, such as this one, in which a defendant has pleaded a counterclaim before being served with the plaintiff's request for dismissal. In such a case, the Federal Rules provide that courts may dismiss the action "over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). In this case, Mr. Thomasson has not objected. However, even if he had objected, the issue is irrelevant because the Court dismisses Mr. Thomasson's counterclaim on

4

other grounds, as articulated below. Therefore, the Court grants Mr. Stern's request to dismiss without prejudice his third-party complaint against Mr. Thomasson.

### III. Mr. Thomasson's Counterclaim Against Mr. Stern

Finally, Mr. Thomasson brought a counterclaim against Mr. Stern, alleging breach of the parties' settlement agreement and other, related, causes of action. Mr. Stern argues that Mr. Thomasson's counterclaim should be dismissed for improper venue, under Federal Rule of Civil Procedure 12(b)(3), because the forum selection clause in the parties' settlement agreement designates New Jersey state court as the proper venue for litigation between them. In the Fifth Circuit, courts will enforce a forum selection clause unless the resisting party shows that enforcement would be unreasonable. *International Software Systems, Inc. v. Amplicon, Inc.*, 77 F.3d 112 (5th Cir. 1996). Here again, Mr. Thomasson has not objected to enforcement of the parties' forum selection clause. Even if he had objected, though, the record shows that the parties have the opportunity to litigate disputes regarding their settlement agreement in New Jersey state court—and indeed, they have done so. Therefore, the Court finds that enforcement of the forum selection clause is reasonable. Mr. Thomasson's counterclaim is dismissed without prejudice.

### CONCLUSION

After due consideration, and for the reasons discussed herein, the Court **DISMISSES WITHOUT PREJUDICE** all remaining claims in this matter. The Clerk of Court is directed to **CLOSE THIS CASE**. Final Judgment will be entered by separate order.

It is so ORDERED.
SIGNED this 29th day of August, 2022.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE